UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 6:03-cr-00231-GRA-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Gilbert Goulbourne, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's *pro se* Motion for Leave to Amend (ECF No. 323) his Motion to Reduce Sentence (ECF No. 316).

On October 26, 2010, Defendant filed a Motion to Reduce Sentence. In his Motion to Reduce Sentence, Defendant asserted that under the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, he is entitled to a reduction in his term of imprisonment. The Court interpreted Defendant's Motion to Reduce Sentence as a motion seeking relief pursuant to 28 U.S.C. § 2255. On January 24, 2011, the Court notified Defendant of its intent to construe the Motion as such, the consequences of such a construction, and his right to timely object to such a construction. On February 10, 2011, Petitioner responded by filing a Motion for Leave to Amend his Motion to Reduce Sentence.

In his Motion for Leave to Amend, Defendant objects to this Court treating his Motion to Reduce Sentence as a motion pursuant to § 2255. Instead, Defendant asserts that this Court should construe his Motion to Reduce Sentence as a petition for habeas corpus pursuant to 28 U.S.C. § 2241. Keeping in mind Defendant's right to object under *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), the Court grants Defendant's Motion for Leave to Amend. Consequently, it shall construe Defendant's Motion to Reduce Sentence as a habeas corpus petition pursuant to § 2241 and rule on it accordingly.

A § 2241 petition must be filed in the district in which the petitioner is confined. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). A court outside of the petitioner's district of confinement lacks jurisdiction to hear a § 2241 petition. *See United States v. Hinton*, 347 F. App'x. 885, 885 (4th Cir. 2009) (per curiam); *United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008).

Here, Defendant is incarcerated in White Deer, Pennsylvania, which is not part of the District of South Carolina. Accordingly, this Court does not have jurisdiction to entertain this matter.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Leave to Amend (ECF No. 323) is GRANTED.

IT IS FURTHER ORDERED THAT Defendant's Motion to Reduce Sentence (ECF No. 316) is DISMISSED WITHOUT PREJUDICE. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

February 28, 2011
Anderson, South Carolina

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003) (to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).